UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | Crim. No. 3:05cr159 (PCD) |
| | : | |
| Federico CANNON | : | |

RULING ON MOTION FOR NEW TRIAL

Defendant moves, pursuant to Rule 33 of the Federal Rules of Civil Procedure, for a new trial, arguing that prejudicial evidence was introduced regarding Defendant's prior conduct that violated Rule 404(b) of the Federal Rules of Evidence and contributed to the guilty verdict returned on January 27, 2006. For the reasons stated herein, Defendant's Motion for New Trial [Doc. No. 57] is **denied**.

I.    BACKGROUND[1]

On January 27, 2006, following three days of trial, a federal jury convicted Defendant of being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). In this motion, Defendant challenges the inclusion of evidence at trial regarding his alleged prior acts of gun possession.

Because the trial evidence was expected to include—and did include—Defendant's post-arrest statements that he did not know anything about a firearm in the car until law enforcement proceeded to pull over the vehicle and that, if anything, he handled the firearm by accident or mistake when it was tossed on his lap, and in an effort to prove that Defendant "knowingly and intentionally" possessed the gun found at his feet, the government sought to introduce evidence

---

[1] Only those facts directly relevant to the instant motion are included here. Additional facts will be discussed, as necessary, in the sections that follow.

of Defendant's other prior acts of gun possession on January 13, 2006.[2] The Court heard oral argument on the government's Motion in Limine on January 13, 2006 and took the matter under advisement until January 24, 2006, the first day of trial, when this Court ruled that evidence of Defendant's prior possession of firearms could be admitted, pursuant to Rule 404(b), for the limited purpose of proving Defendant's intent and knowledge, subject to a limiting instruction. During discussion of the motion regarding Defendant's prior acts, the Court indicated that because the parties had stipulated to the fact that Defendant had a prior felony conviction in order to establish that element of the offense, there was no need or basis for the government to elicit the date, statutory title or the fact of Defendant's prior felony convictions. Accordingly, the Court held that unless Defendant testified, the government could not elicit the fact of his prior convictions.

At trial, the government called a police officer to testify about Defendant's June 6, 1999 possession of a handgun but elected not to introduce evidence relating to the second alleged handgun possession on November 11, 2001. Bridgeport Police Officer Frank DelBuono testified that, on June 6, 1999, he stopped a car, in which Defendant was the front passenger, for not having proper lights. DelBuono testified that the driver was charged with several offenses and that all occupants were removed from the car. Finally, DelBuono testified that he conducted a search of the car incident to the arrest and found a gun under the front passenger seat—i.e., the seat where Defendant had been seated. The government represents that when the gun was found,

---

[2] Specifically, the government sought to include evidence that "the defendant previously possessed a handgun under a seat in his car in which he was a passenger on June 6, 1999" and that he "previously possessed a firearm to threaten his ex-girlfriend and her boyfriend on November 18, 2001."

Defendant had stated that the gun was his, the driver of the car stated that Defendant had carried guns before and had recently been seen carrying a small silver gun and the other passenger stated that he knew nothing about the gun. Gov't Mem. at 13. In light of this incident, on or about December 22, 1999, Defendant was convicted of Carrying a Pistol without a Permit, in violation of Conn. Gen. Stat. § 29-35(a), and received a sentence of one year in jail. At trial, however, the government did not elicit from DelBuono the fact that Defendant admitted that the firearm involved in the prior incident was his, the statements by the driver and other passenger of the car or the fact that Defendant sustained a felony conviction and a one-year prison sentence in December 1999 for Carrying a Pistol without a Permit.

Accordingly, Defendant argues that the evidence introduced by the government failed to establish that Defendant previously knowingly and intentionally possessed a handgun, the factual predicate to its admission. Defendant did not cross-examine Officer DelBuono but moved to strike his testimony from the record for its failure to satisfy the purposes for which it had been offered under Rule 404(b). That motion was denied following the government's argument that the limited questioning was consistent with precedent and intended to avoid prejudicing Defendant.

The jury began its deliberations at or around 1:00 p.m. on January 26, 2006 and reached a verdict shortly before 2:00 p.m. the following day. During its deliberations, the jury asked the Court to play back the testimony of several witnesses, including that of Officer DelBuono.

## II.   STANDARD OF REVIEW

Rule 33 of the Federal Rules of Criminal Procedure permits the Court, "[u]pon the defendant's motion," to "vacate any judgment and grant a new trial if the interest of justice so

requires." Fed. R. Crim. P. 33(a).  In deciding whether to let a guilty verdict stand, the "ultimate test" is "manifest injustice."  United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001).  Although Rule 33 gives the trial court "broad discretion . . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice," the court must, nonetheless, "exercise the Rule 33 authority sparingly and in the most extraordinary circumstances." Id. at 133-34 (quoting U.S. v. Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1993)).  In exercising the discretion conferred by Rule 33, the Court may weigh the evidence and evaluate the credibility of witnesses. Sanchez, 969 F.2d at 1413 (citing United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)).  The Court generally must, however, "defer to the jury's resolution of conflicting evidence and assessment of witnesses' credibility," and, accordingly, "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment."  Ferguson, 246 F.3d at 133-34 (quoting Sanchez, 969 F.2d at 1414).  Defendant bears the burden of persuading the Court that a new trial is necessary and appropriate. United States v. Sasso, 59 F.3d 341, 350 (2d Cir. 1995)

**III.   DISCUSSION**

Defendant argues that it should be granted a new trial due to the failure of Officer DelBuono's testimony to meet the purpose for which it was introduced and the facts that his testimony was prejudicial but not probative and contributed to the guilty verdict rendered by the jury on January 27, 2006.  Defendant argues that the evidence offered at trial "did not even tend to prove a prior possession from which the jury might infer intent and knowledge;" "all it did was introduce irrelevant and prejudicial evidence of prior proximity to a handgun."  Def's Mem. at 3.

Defendant's argument is without merit.  Rule 404(b) and the relevant case law do not

require either a confession by the defendant or an actual conviction as a prerequisite to the admission of evidence of prior crimes, wrongs or bad acts to establish motive, opportunity, intent, knowledge, identity or absence of mistake or accident.[3]  See, e.g., United States v. Mitchell, 328 F.3d 77, 82 (2d Cir. 2003) (affirming the trial court's decision to include evidence of the defendant's prior arrest—with no evidence of a prior conviction—on the ground that "[e]vidence of prior bad acts may be introduced to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident'" and noting that under the Second Circuit's "inclusionary approach," evidence of prior bad acts can be admitted "for any purpose other than to show a defendant's criminal propensity"); United States v. Vega, 285 F.3d 256, 262 (3d Cir. 2002) (holding that Rule 404(b) "does not require that a defendant's participation in the prior bad act be proven by conviction," noting that "we have previously found prior bad acts of defendants relevant without any indication that they had been charged with or convicted of crimes stemming from those acts"); United States v. Hunt, 4 F.3d 987, 1993 U.S. App. LEXIS 21717, *16, 1193 WL 326856, *5 (4th Cir. 1993) ("When a defendant . . . directly places the elements of knowledge and intent in issue, any evidence of a prior [act] is offered for a proper purpose under Rule 404(b).  Furthermore, Rule 404(b) does not require proof of conviction of the extrinsic act before such evidence is admissible") (internal citation omitted); United States v. Marion, 977 F.2d 1284, 1288 (8th Cir. 1992) ("Rule 404(b) does not require

---

[3] Federal Rule of Evidence 404(b) provides that: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

proof of conviction."); United States v. Nolan, 551 F.2d 266, 270 (10th Cir. 1977) (holding that Rule 404(b) refers to "evidence of '[o]ther crimes, wrongs or acts'" and "does not require proof of a conviction").

Under the Second Circuit's "inclusionary approach," evidence of prior crimes, wrongs or acts is admissible for any purpose other than to show a defendant's criminal propensity if the court determines that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice. Mitchell, 328 F.3d at 82; United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000). The purposes for which such evidence is admissible clearly include intent and knowledge. Fed. R. Evid. 404(b); see also Huddleston v. United States, 485 U.S. 681 (1998). For other act evidence to be admissible under Rule 404(b), the court must find that: (1) the evidence is offered for one of the identified proper purposes; (2) the evidence is relevant to an issue in the case; (3) the probative value of the similar act evidence substantially outweighs the potential for unfair prejudice; and (4) if requested, the court must give an appropriate limiting instruction to the jury. Huddleston, 485 U.S. at 687. The similar act evidence admitted at trial satisfied every aspect of the Huddleston test for admissibility.

First, the similar act evidence was offered to prove knowledge and intent, both of which Defendant placed at issue in this trial. Second, the fact that Defendant was previously pulled over and a gun was found under his seat is relevant. Because of the similarity of the two acts, the evidence presented provides a reasonable basis for the jury to draw the inference that Defendant knowingly and intentionally possessed the firearm found under his seat in June 1999, making it more probable for them to draw the inference, if they so chose, that Defendant knowingly and intentionally possessed the gun charged in the indictment in this case. For the limited purpose

for which the evidence was offered, it would fall within the Rule 404(b) exceptions for proving knowledge and intent.  Cumulatively, along with the government's other evidence of knowing and intentional possession—including the testimony of Jennifer Ortiz[4]—the evidence elicited by the government could prove knowledge and possession; it is not the only evidence thereof. Moreover, this Court found, at trial, that the probative value of the evidence, limited as it was in this case, substantially outweighed the danger of unfair prejudice.  Given the similarity of the two acts and the fact that Defendant put knowledge and intent at issue, the Rule 403 balancing test strongly favored admissibility of the evidence.  Finally, the jury was properly given two limiting instructions proposed by Defendant, namely, that if the jury determined that Defendant possessed the gun on October 21, 2004 and if they determined that Defendant committed the prior act in June 1999, they could, but need not, draw an inference that in possessing the gun charged in the indictment, Defendant acted knowingly and intentionally and not because of mistake, accident or some other innocent reason.

    Defendant's arguments that the government was required to elicit evidence regarding Defendant's admission and his conviction seem to go to the weight of the evidence, rather than to its admissibility.  The government decided not to elicit the additional information based on the Court's decision to only allow reference to the *fact* that Defendant had a prior felony conviction and prohibiting any reference to the number or type of prior felony convictions.  Indeed, it seems

---

[4] Ms. Ortiz testified that the entire time that she was a passenger in the car, seated next to Defendant, there was a black pistol on the floor of the right rear passenger side of the vehicle, at Defendant's feet. Ms. Ortiz testified that she asked Defendant whether she could hold the gun, at which point he asked her whether she wanted him to give the gun to her.  Ms. Ortiz apparently changed her mind and told Defendant that she did not want him to give her the gun.  This testimony, if believed by the jury, could be sufficient to prove that Defendant knowingly and intentionally possessed the gun.

7

that had the government elicited the additional information, such evidence could have contributed even *more* strongly to a finding that the Defendant was guilty. As such, admission of the evidence related to Defendant's prior act for the limited purposes of proving knowledge and intent without the additional evidence of Defendant's admission and conviction does not constitute "manifest injustice." Ferguson, 246 F.3d at 134.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant Motion for New Trial [Doc. No. 57] is **denied**. Defendant's sentencing will proceed, as scheduled, on April 12, 2006.

SO ORDERED.

Dated at New Haven, Connecticut, April ___, 2006.

/s/_____
Peter C. Dorsey, U.S. District Judge
United States District Court